IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILL MCLEMORE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:19-cv-00530 |
| ROXANA GUMUCIO, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

Pending before the Court is Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 3, "the Motion"). Via the Motion, Plaintiffs ask this Court to issue a preliminary injunction enjoining the State of Tennessee from applying Tennessee's auctioneering laws and licenses to "electronic" exchanges, or online auction websites, or against Plaintiffs until such time as Plaintiffs' case can be brought to a full resolution on the merits. The Court held a hearing on the Motion on July 10, 2019 at 9:00 a.m. which was attended by counsel for all parties.

For the reasons described in the accompanying Memorandum Opinion, the Motion is **GRANTED**. Based on the Motion, pleadings, testimony, exhibits, affidavits, briefs, representations of counsel and the entire record, the Court finds:

(1) Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their Dormant Commerce Clause claim;

(2) Plaintiffs have demonstrated that they will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending trial;

(3) the balance of relative harms among the parties weighs in favor of Plaintiffs and against Defendants; and

(4) the public interest will not be harmed by injunctive relief pending trial.

It is, therefore, **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby enjoined and restrained from applying Tennessee's auctioneering laws and licenses to "electronic" exchanges, or online auction websites, or against Plaintiffs pending further order of the Court.[1]

Because this case involves "constitutional issues affecting the public[,]" the Court finds it unnecessary to require Plaintiffs to post security as a condition of obtaining injunctive relief. *See Stand Up Am. Now v. City of Dearborn*, No. 12-11471, 2012 WL 1145075, at *1 (E.D. Mich. Apr. 5, 2012). Therefore, Plaintiffs are excused from doing so.

This preliminary injunction is effective upon its issuance on July 23, 2019 at 5:00 p.m.

This case is referred to the Magistrate Judge for further customized case management.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] In an effort to make its holding as clear as possible, the Court notes that this preliminary injunction effectively means, among other things, that the State should proceed as if the word "electronic" was not included in the statutory definition of "auction" set forth at Tenn. Code. Ann. § 62-19-101(2).