IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILL MCLEMORE, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| | ) No. 3:19-cv-00530 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| ROXANA GUMUCIO, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' "Motion to Strike Plaintiffs' Statement of Undisputed Material Facts" (Doc. No. 101, "Motion to Strike"), which was filed in response to Plaintiffs' Statement of Undisputed Material Facts (Doc. No. 92, "SUMF") filed in support of Plaintiffs' Motion for Summary Judgment (Doc. No. 90). The Motion to Strike presents a rare opportunity for the Court to discuss—with the specific goal of resolving the particular dispute here at issue, of course—the under-analyzed and oft-misunderstood issue of what should be included in what is often (though imprecisely) called the summary judgment movant's "statement of undisputed material facts."

To take advantage of this helpful opportunity, but also (and especially) to make progress in resolving the Motion to Strike, the Court herein will discuss in considerable detail its view of the purpose and permissible content of such a statement, as well as the statement's relationship to summary judgment law and procedure. And, to the end of promoting these (and future) parties' focus on what ultimately is factually in dispute on a motion for summary judgment, the Court will explain why a summary judgment movant may wish to include in such a statement substantially less content than it would be permitted to include. Finally, the Court will direct Plaintiffs to clarify

1

their position as to what portions of the SUMF they still, after considering the Court's views expressed herein, contend are properly included in the SUMF.

The statement at issue is one required to be filed contemporaneously with a summary judgment motion pursuant to this Court's Local Rule 56.01. That Rule provides in pertinent part that "any motion for summary judgment . . . must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." LR56.01(b).[1] Notably, such a statement (hereinafter referred to as a "Rule 56.01 statement"[2]) can include not only purported facts that are "undisputed"—*i.e.*, undisputed even by the party opposing summary judgment (hereinafter the "non-movant")—but also purported facts that the non-movant very much disputes but that, in the view of the movant, nevertheless are not *genuinely* in dispute; that is, the statement can include facts that the non-movant disputes but is unable to dispute *effectively* because it is unable to point to evidence showing that there is a genuine dispute for trial as to the purported fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a "dispute about a material fact is "genuine[]" . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.")

Under Local Rule 56.01, "[e]ach fact must be set forth in a separate, numbered paragraph [and] . . . must be supported by specific citation to the record." *Id*.

Any party opposing a motion for summary judgment must specifically respond to each asserted fact by: "(1) Agreeing that the fact is undisputed; (2) Agreeing that the fact is undisputed

---

[1] Notably, though the text of this subsection of the Rule correctly explains that what is to be filed is a statement of the material facts as to which the moving party contends there is no genuine issue for trial," the caption of this subsection is imprecisely styled, "Statement of Undisputed Material Facts."

[2] As suggested elsewhere herein, the "Rule 56.01 statement" (singular) typically comprises multiple numbered paragraphs, each containing its own statement (singular); that is to say, the Rule 56.01 statement (singular) is typically comprised in turn of multiple statements (plural); it is important to distinguish the overarching Rule 56.01 "statement" from the various individual "statements" included within it.

for the purpose of ruling on the motion for summary judgment only; or (3) Demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record." LR 56.01(c) (response to statement of facts).

Plaintiffs' SUMF is 78 pages long and consists of 334 statements of purported fact.[3] Defendants argue that Plaintiffs' statement is "anything but concise and is an obvious and unnecessary abuse of the Local Rule 56.01(b) process." (Doc. No. 101-1 at 1). Defendants assert that "the overwhelming majority of Plaintiffs' purported statements of fact are actually statements of law [], legal argument, legislative history [], assumptions and opinions, and criticism of Defendants' expert witness." (*Id*. at 2). Thus, Defendants argue that they should not be required to respond to it, and the Court should strike Plaintiffs' statement of undisputed facts from the record. Notably, while contending that Plaintiffs' SUMF includes many numbered statements that do not set forth purported "facts" at all, Defendants do not appear to contend that any numbered statement that actually does set forth a "purported fact" does not set forth a purported *material* fact. As indicated below, the Court believes that Defendants here have overlooked a major issue.

Setting aside for the moment Defendants' view that many of the 334 numbered statements do not set forth purported facts at all, it is not hard to discern why Defendants might feel aggrieved by the sheer length of—and number of statements set forth in—the SUMF. Thus, to the extent that Plaintiffs' SUMF is not stricken, Defendants have a great deal of work to do in responding to the SUMF, deciding (presumably after research on the accuracy of a great many numbered items in the SUMF) which statements to agree to, which statements to dispute, and which statements to object to as not setting forth a purported "fact" it should be required either to agree with or to dispute. One suspects, however, that Defendants have not discerned how, as discussed below,

---

[3] Defendants' complaint with the length of the SUMF appears to be about the number of statements included therein, and not about the length of particular numbered statements.

Plaintiffs may be hurting *themselves* by implicitly representing to the Court that there are 334 *material* facts.

Plaintiffs make essentially three arguments in response. Two of them are set forth where appropriate in the discussion below. The other can be disposed of promptly right here. Plaintiffs argue that "[g]iven that the state's specific complaints about responding to the SUMF centers around incontrovertible statements of law and legislative history (Doc. 101-1 at 2), it would not seem to be a particular burden for the state to admit them." (Doc. No. 103 at 4). The Court will make short work of this particular argument, rejecting it out of hand. Defendants cannot know that a particular statement of law or legislative history is "incontrovertible" until they do the research necessary to determine whether it is incontrovertible. And a large number of statements of law or legislative history portends a large amount of work for Defendants. So the Court cannot acquiesce in the inclusion of statements merely because the response thereto is supposedly (but not actually) not burdensome. More to the point, to the extent that a statement is a statement of law, it simply *does not belong* in a statement of material facts. As for what Plaintiffs have separately categorized as statements of *legislative history*, as opposed to statements of law, it is unclear whether such statements are properly considered statements of *fact*. But assuming they are, the Court wonders why this kind of statement of fact would be *material*, given that resort to legislative history is appropriate only under certain situations. For this reason, any party asserting that a statement of legislative history is a statement of fact should be required to go further and explain why it is a statement of *material* fact. *See All. of Auto. Mfrs. v. Kirkpatrick*, No. CIV. 02-149-B-W, 2003 WL 21684464, at *4 n.9 (D. Me. July 17, 2003) (The parties' various summary judgment statements present a considerable amount of legislative history, much of it consisting of oral statements made by particular legislators in the course of floor debates. . . . To the extent that [plaintiff/cross-movant

4

for summary judgment] the believes that one or more of the statements of legislative history is material to the outcome of this case . . . it should so state in an objection and make an effort to explain therein why that statement of fact is material."), *report and recommendation adopted*, No. CIV. 02-149-B-W, 2004 WL 305598 (D. Me. Feb. 17, 2004).

According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed June 9, 2021). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed June 9, 2021). And according to a third, "concise" means "say[ing]everything that is necessary without using any unnecessary words." *Concise*, CollinsDisctionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed June 9, 2021). Although other definitions of "concise" equate the term more with "brief" or "short," it seems clear that a more fulsome construction of the word is "as brief [or as short] *as feasible*" or, conversely, "no longer *than necessary*." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of fact, it is calling not necessarily for a statement of facts that is *short* or *brief*, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a Rule 56.01 statement. Even more to the point, such a statement cannot be said to *unnecessarily* contribute to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Id*. This is a somewhat and seemingly very broad standard, inasmuch as the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law inasmuch as the notion of "might affect the outcome of a lawsuit" is of unclear and debatable boundaries.[4]

---

[4] A hypothetical motion will help exemplify this point. Imagine a civil assault case where the plaintiff alleges that she was a pedestrian who was the victim of a hit-and-run accident in Nashville, caused by the solitary occupant (at the driver's wheel, obviously) of an offending vehicle. Imagine also that it is evidentially supported and undisputed that the accident occurred at 12:34 p.m. on a particular day. Imagine further that there is no allegation or evidence that the accident was pre-planned or that anyone other than the driver of the vehicle has any responsibility at all for what happened. Finally, imagine that the only real issue as to liability is the identity of the driver: was it actually the defendant as alleged by plaintiff?

In this scenario, it certainly could *not* be the defendant if the defendant was far away from Nashville at 12:34 p.m. on the day in question. For this reason, surely it would be material (*i.e.*, might affect the outcome of the lawsuit) that the defendant was in Dallas at that precise time, since he could not also be in Nashville at that same time. But surely it would be material if the defendant was in Dallas, Texas at 1:04 p.m., or 12:29 p.m., and so on. If a jury was presented with persuasive evidence that defendant was in Dallas at precisely 1:04, but not evidence that the defendant was in Dallas specifically at 12:34 or indeed any other particular time, the evidence of the defendant's presence in Dallas at 1:04 would be material because it would suggest that the defendant could not have been the driver (in Nashville) at 12:34. But if the jury was presented with persuasive evidence that defendant was in Dallas precisely at 12:29 p.m., but no other evidence of the defendant being in Dallas at any particular time, the evidence of the defendant being in Dallas at 12:29 would be material because it would suggest that the defendant could not have been the driver (in Nashville) at 12:34. Clearly, the fact of the defendant being in Dallas at 12:34, or the fact of the defendant being in Dallas at 1:04, or the fact of the defendant being in Dallas at 12:29, "might" affect the outcome of the lawsuit. The same could be said about the fact of the defendant being in Dallas at various other specific times that day. In this hypothetical, it is possible to conceptualize a huge number of different (even if similar) facts that "might" affect the outcome of the lawsuit and thus could be said to be "material."

So under the "might affect the outcome of the lawsuit" standard, broadly construed, an enormous number of material facts can be conjured up simply by incrementally changing the fact slightly with respect to time. But surely not every single permutation of every factual scenario that "might affect the outcome of the lawsuit" should be treated as a separate material fact just because the jury could, especially if offered that factual permutation to the exclusion of other permutations of essentially the same fact, rely on it in part to justify ruling in favor of a summary judgment

6

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors note:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it tends to resolve any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they constitute a legal defense, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is so essential that the party against whom it is decided cannot prevail. On the other hand, a factual issue that is not necessary to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016). Although these observations are perhaps of some help in grasping the notion of "material fact," the reality is that, for the reasons set forth in a footnote herein, the precise boundaries of what constitutes a "material fact" remain obscure. And a summary judgment movant cannot be faulted for making a colorable (even if debatable) assertion that all statements included in its Rule 56.01 statement are statements of material fact.

And if a fact *is* material—if its existence or non-existence will affect the outcome of the lawsuit—then the party including it in its Rule 56.01 statement cannot be blamed for including it, because it *should* be included precisely because its existence or non-existence will affect the

---

movant. Moreover, one wonders whether to embrace the concept of what may be called conditional materiality—the notion that a fact that would be material considered in isolation is actually immaterial in light of a similar fact that enables the movant to conclusively establish the point for which the first fact would be offered. In the example above, the fact that the defendant was in Dallas at 1:04 is surely material, unless the defendant-movant could establish that he was in Dallas at 12:34—which would in turn establish that the defendant was not the driver, the very fact the defendant's presence in Dallas at 1:04 would have been offered to establish. The question is whether the defendant's presence in Dallas at 1:04, which is clearly material standing alone, becomes immaterial once another fact (the defendant's presence in Dallas at 12:34) is provided to the same (or even better) effect.

outcome of the lawsuit. So the inclusion of a (purported) material fact is, by definition, always appropriate—because the existence or non-existence of them is precisely what the Court needs to determine in order to determine the outcome of a case (or a summary judgment motion). What's more, *true* material facts are precisely the things specifically contemplated for inclusion in a Rule 56.01 statement, and the Court sees no basis for excluding any one of them on the grounds that there are too many of them.

But a statement included in a Rule 56.01 statement should be excluded if it is (i) not a statement of *fact* at all or (ii) a statement of fact but not properly considered a statement of *material* fact.[5] Nevertheless, in the Court's experience, summary judgment movants often include these two categories of statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden variety "relevant" fact and a fact that is material. This appears to explain one of Plaintiffs' arguments, *i.e.*, that the large quantity of statements in its SUMF is necessary for the Court to "understand the full and lengthy history surrounding the state's efforts to regulate online auctions." (Doc. No. 103 at 2). Such an understanding may be of value in this litigation, and there may be one or more places (such as the

---

[5] As noted above, Plaintiffs argue that "[m]erely because the statements relate to legislative history, or the law, is not a basis for exclusion" and "[r]eferences to the fact of statements made during legislative proceedings are often included in SUMF even by governmental entities." (Doc. No. 103 at 5 (citing cases)). To the extent that Plaintiffs here suggest that a statement not properly characterized as one of material fact is nevertheless properly included in a Rule 56.01 statement so long as it "relates to legislative history or the law," the Court rejects the argument. Whether or not a statement relates to legislative history or the law, as discussed herein it indeed should be excluded if (as would seem likely for many if not all statements of legislative history or the law), it is not properly characterized as one of material fact. And the Court here is concerned not with what is *often* included in statements of material fact as to which there exists no genuine issue to be tried, but rather with what is *properly* included in such statements. And as set forth herein, in the Court's experience, often what is included should not be included. None of this is intended to criticize the bar gratuitously, or to suggest that counsel that have been over-inclusive have acted reprehensibly rather than incorrectly but understandably. Instead, this is all intended to provide what the undersigned hopes is helpful guidance for summary judgment practice (especially in front of him in particular)—rare guidance regarding statements of material fact as to which there is no genuine issue to be tried.

memorandum of law in support of the motion for summary judgment or legitimate exhibits thereto) for Plaintiffs to impart some or all of that understanding.[6] But the Rule 56.01 statement is not the place for it; it is a place for statements of (purported) material facts crucial to the resolution of a summary judgment motion, not for mere background facts that "surround" the lawsuit at issue. It is a place to assert pointed (and poignant) facts, not to provide broad context.[7] Thus, whatever the SUMF's value in providing such context, it does not justify the number of statements.

And as to both categories of statements improperly included in Rule 56.01 statements, the Court suspects that such improper inclusions are made largely because the parties (or, more likely, their counsel) believe it better to be over-inclusive than under-inclusive and that it could not hurt to err on the side of designating a statement as one of material fact. Such thinking is wrong-headed, because when it comes to such statements, more is not necessarily better. To begin with, the parties need to make a disciplined effort to comply with the local rule, which authorizes inclusion only of (purported statements) material facts as to which (the movant believes) there exists no genuine issue to be tried. In addition, in an observation that surely will come as no surprise, parties risk annoying busy courts by included unnecessary and excessive materials. Third, a party does itself no favors by drawing the court's attention to mere "background" facts and away from the facts the court needs to find in order to rule in the movant's favor.

But there is a corollary (or a logical conclusion) to the third observation that shows how a summary judgment movant really can hurt its chances on summary judgment by including

---

[6] Plaintiffs conceivably might respond that the page constraints on briefs prevent them from presenting all of such information. Perhaps so, but such page limits exist for good reason and inherently tend to prevent briefing parties from presenting everything they would want the court to see. And such page limits can be extended for good cause, including a showing that the court really does need to see additional information beyond what could be presented within the maximum allowable pages.

[7] Nor is the Rule 56.01 statement a place to set forth whatever set of discrete facts the movant believes would generally be of some benefit to movant's position even though not "material" as properly understood.

9

purported material facts beyond those that actually are the (purported) material facts. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a movant for summary judgment (be it a defendant or, more rarely, a plaintiff) must remove every genuine issue of material fact. To do so, the movant must "show[] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law."[8] Fed. R. Civ. P. 56(c)(a). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial— *i.e.*, as to each and every material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* rather than *more* material facts, the movant persuades the court that the movant has less it needs to achieve—fewer alleged facts to show as not needing a trial to prove or disprove—in order to be granted summary judgment. Conversely, to the extent that a movant posits *more* material facts, the possibility increases that the Court will deny the motion for summary judgment based on the existence of a genuine issue as to any single one of what the movant itself has called the material facts.

So summary judgment movants—though often clearly not understanding this[9]—have every incentive to minimize, to the fullest possible (ethical) extent, in the Court's eyes, the number of material facts.[10] And Plaintiffs, in connection with their motion for summary judgment, have

---

[8] There is a particular protocol, involving a particular kind of burden-shifting, for a movant to seek to accomplish this. Essentially, the movant must make an initial showing, based on citations to evidence, that there is no genuine dispute as to the existence of the material fact that he is asserting; if the showing is made, the burden shifts to the non-movant to show (with citation to evidence) that despite the appearances created by the movant's initial showing, there actually is a genuine dispute as to the existence of that asserted fact.

[9] Movants sometimes load up their Rule 56.01 statements with statements of facts that clearly do not fall within even a very broad conception of "material."

[10] The hypothetical motion from the footnote above will help exemplify this point. Recall that this is an imaginary civil assault case where the plaintiff alleges that she was a pedestrian who was the victim of a hit-and-run accident caused by the solitary occupant (the driver) of an offending vehicle. Recall further that there is no allegation or evidence that the accident was pre-planned or that anyone other than the driver is responsible for what happened.

every incentive to have the Court believe that there are far, far fewer than 334 "material facts." And yet Plaintiffs have ostensibly represented that there actually are 334 material facts. True, Plaintiffs appear not really to have meant it; they suggest that they included many of these statements of material facts merely to provide background information relevant to the case as a

---

Finally, recall that the only real issue as to liability is the identity of the driver. If such defendant moves for summary judgment, he has every incentive to convince the court (accurately, in this example, that there is only a single material fact: that he was not the driver (or to put it another way, someone else was the driver). The defendant would be well-served by a Rule 56.01 statement that identifies that (purported) material fact as the sole material fact (and provides citations to the record sufficient to meet his initial burden). By so doing, the defendant highlights the fact that the Court, before granting the defendant summary judgment, need find the absence of a genuine dispute *only as to a single fact*.

The undersigned regrets, however, that given the misunderstanding he believes is prevalent on this area of practice in federal court, that a realistic portrayal of a hypothetical attorney for the defendant would have her filing a Rule 56.01 statement containing numerous (for example, 20) statements of purported material facts. Such a statement would list separately each of the many purported facts that individually and collectively support the conclusion that the defendant was not the driver. For the movant's attorney, the problem with such an approach is that, as suggested above, she has thereby suggested that if the defendant fails to remove a genuine issue as to the existence of even a single one of these facts, the defendant is not entitled to summary judgment. The hypothetical attorney may be prudent to instead posit a single issue of material fact and then show, based on evidence establishing some (but not necessarily all) of 20 underlying facts, she has established that single material fact.

Ultimately, the point is that given the hazy concept of "material fact," counsel have some leeway in both what they characterize as the material fact(s) and the extent to which they represent a combination of individual "sub-facts" as amounting to a single comprehensive material fact. In using the discretion they are afforded in this regard, counsel might wish to err on the side of speaking in terms of fewer rather than more material facts—while providing citations to support the existence of sub-facts establishing the (relatively few) material facts. So in the current hypothetical, the defendant movant could: (i) in the Rule 56.01 statement, identify the *sole* material fact as, "Defendant was not the driver"; (ii) provide, immediately thereafter in the Rule 56.01 statement, supporting citations to whatever evidence establishes that the accident occurred at 12:34 and to deposition testimony from two unimpeached witnesses swearing to seeing the defendant in Dallas at 12:29 and from two other witnesses swearing to seeing the defendant in Dallas at 1:04; and (iii) explain in the brief in support of the motion for summary judgment that the cited evidence collectively establishes that the defendant must have been in Dallas at the time of the accident and thus could not have been the driver.

In attempting to get to the same place, it would be neither necessary nor desirable (even if permissible) to instead identify five (purported) material facts: (1) the accident occurred at 12:34 in Nashville; (2) the defendant was in Dallas at 12:29; (3) the defendant was in Dallas at 1:04; (4) the defendant was in Dallas at 12:34 (given that he was there five minutes before and, purportedly, thirty minutes after that); and (5) the defendant was not the driver (given that he was in Dallas at the time of the accident). Such an approach invites the Court to deny summary judgment (even if nonsensically) if any one of these alleged facts is genuinely in dispute. Suppose that the sighting at 1:04 is shaky; there may be a genuine issue as to whether the defendant was in Dallas at that time (since he could have traveled out of the city limits by then) even if the sighting at 12:29 is solid and the plaintiff (to her dismay) cannot effectively (genuinely) dispute that the defendant was indeed in Dallas at 12:29. In this scenario, there is no genuine issue that the defendant was in Dallas at 12:29 and so there really is no genuine dispute that the defendant was not the driver, and thus the defendant should obtain summary judgment. But the defendant threatens to snatch defeat from the jaws of victory by including in his Rule 56.01 statement an alleged material fact as to which it turns out there *is* a genuine issue. In this scenario, the defendant invites the Court to deny summary judgment, to which the defendant substantively clearly is entitled, on the grounds that there is a genuine issue as to what the defendant himself has chosen to deem a material fact.

11

whole. But such a suggestion merely highlights that such statements simply should not have been included in the SUMF. The Court will add here one additional thought: to the extent that the Court ultimately strikes statements as not being ones of material fact, Plaintiffs perhaps should be relieved, as it means that the Court will not treat the fact as one Plaintiffs will *need* to remove all genuine dispute in order to prevail on their motion for summary judgment.

## **CONCLUSION**

As indicated above, a moving party's statement of material facts as to which there exists no genuine issue to be tried (Rule 56.01 statement) should include only material facts, *i.e.*, those facts that "may affect" the outcome of the lawsuit. *See Anderson*, 477 U.S. at 248. So if a statement is an assertion of a fact but not a material fact, or an assertion of something that is not a fact at all (but rather, say, an opinion or a legal principle), the statement is not properly included in a Rule 56.01 statement.

The question here is which of the 334 statements here at issue are, on these grounds, not properly included in Plaintiffs' Rule 56.01 statement. As to (but only as to) those statements that are not properly included, the Court intends to grant the Motion to Strike. The Court agrees with Defendants that Plaintiffs' SUMF is not concise as required by Local Rule 56.01 in that it does include some improper statements and, accordingly, is subject to being stricken at least in part. To that extent that this is true, Plaintiffs' SUMF is longer than necessary and not as short as reasonably feasible, and thus is not "concise" as required by Local Rule 56.01. The Court will strike those particular statements the Court ultimately deems to have been improperly included.

More specifically, the SUMF includes many statements that cannot be statements of *material* fact because they are clearly not statements of *fact* at all.[11] And there are other statements that arguably are not statements of material fact, either because they are (i) not statements of fact at all;[12] or (ii) statements of fact but not statements of *material* fact. As to the latter category, the Court reiterates what is has indicated above: the precise boundaries of "material fact" are unclear, and thus, for statements of fact that would appear to be near such boundaries under a reasonable conception of such boundaries,[13] there is room for debate as to which side of the boundary they fall upon.

But the Court believes that before it rules on any particular paragraphs, Plaintiffs should have an opportunity to tell the Court which of the 334 statements they still (having read this Order) believe are statements of material fact. In so doing, Plaintiffs would be well-served to keep in mind that, as discussed above, characterizing a statement as one of material fact could make things more difficult for Plaintiffs. To the extent that the Court agrees with Plaintiffs (after considering Defendants' response) that a particular statement is one of material fact, the Court would not strike

---

[11] Plaintiffs' SUMF includes many statements that the Court is inclined to find objectionable on the grounds that they are not statements of fact but rather legal arguments regarding Defendants' expert witness, or legal conclusions regarding injuries suffered by Plaintiffs. *See PSC Indus., Inc. v. Johnson*, No. 3:19-CV-00362, 2021 WL 1663574, at *1 (M.D. Tenn. Apr. 28, 2021) (Richardson, J.) ("The Court notes that in responses to the various statements of fact, many objections were made that particular asserted facts were irrelevant or legal conclusions. The Court has not referred herein to the facts that it believes to be irrelevant or legal conclusions and will not consider them in ruling on these Motions."); *see also Equitesa Equipos y Terrenos, SA v. Valley Enterprises of Ohio, LLC*, No. 1:10-CV-01555, 2011 WL 5374127, at *5 (N.D. Ohio Nov. 3, 2011) ("[L]egal conclusions . . . do not suffice to create a genuine issue of material fact for trial."). The inclusion of this sort of content in a Rule 56.01 statement is of extra concern to the Court because it can serve (intentionally or unintentionally) to circumvent page limitations for the movant's memorandum of law (and reply) in support of a motion for summary judgment.

[12] For example, as noted above, statements of legislative history arguably are not statements of "fact" for purposes of Fed. R. Civ. P. 56.

[13] Of course, some statements would not be even arguably material under even the most expansive reasonable view of "material fact"; in the present case (as in, presumably, virtually every case), the fact that Roger Maris hit 61 home runs in 1961 would not be material. And even many facts that (unlike 1961 baseball statistics) may be expected to come up during the present case (such as the alleged fact that Plaintiff Will McLemore has precisely four auction managers for personal property auctions (Doc. No. 50 at 5)), could not reasonably be viewed as a "material fact" under any reasonably construction of the term.

13

the statement, because (as noted above) the Court believes that any statement that truly is one of material fact legitimately belongs in what is, after all, a statement of material facts.

By June 21, 2021, Plaintiffs shall advise the Court which of the 334 statements it concedes were not properly included in the Rule 56.01 statement under the above-stated principles. By June 28, 2021, Defendants shall be permitted to respond to Plaintiffs' position on this. Once having the benefit of the parties' views, the Court will be in a better position to decide which of the 334 statements to strike—and, as a very significant side benefit of conducting this whole procedure, to decide the cross-motions for summary judgment based on an *accurate* assessment of what truly are the issues of material fact as to which the Court must determine whether there exists a genuine issue to be tried.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE