IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILL MCLEMORE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:19-cv-00530 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| ROXANA GUMUCIO, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF RELIEF SOUGHT**

Pursuant to this Court's Order (Doc. 117) entered March 23, 2022, Defendants submit the following Response to Plaintiffs' Notice of Relief Sought (Doc. 118) filed April 6, 2022:

The injunctive relief sought by Plaintiffs is not tailored to fit the nature and extent of the constitutional violation found by this Court. *See Dayton Bd. of Ed. v. Brinkman*, 433 U.S. 406, 420 (1977). This Court found that the provision of 2019 Tenn. Pub. Acts, Ch. 471, adding the term "electronic" to the statutory definition of "auction" results in extraterritorial application of the State's auctioneering statutes and regulations in violation of the Dormant Commerce Clause. The injunction should thus be tailored to the relevant definition of auction and limited to prohibiting Defendants, their agents and employees, and anyone acting on their behalf from applying the State's auctioneering statutes, regulations, and licensing requirements to

> "sales transaction[s] conducted by . . . *electronic exchange* between an auctioneer and members of the audience, consisting of a series of invitations by the auctioneer for offers to members of the audience to purchase goods or real estate, culminating in the acceptance by the auctioneer of the highest or most favorable offer made by a member of the participating audience."

2019 Tenn. Pub. Acts, Ch. 471, § 4 (emphasis added).

Plaintiffs' proposed injunction goes much further.[1] First, Plaintiffs propose prohibiting the State from applying its auctioneering laws to "electronic exchanges" or "electronic communications." But "electronic exchanges" is an incomplete statement of the relevant portion of the statutory definition of auction, and "electronic communications" has no relation to the statutory definition of auction. The Court's injunction should be based on the statutory definition of auction and limited to auctions conducted by electronic means.

Next, Plaintiffs propose prohibiting the State from applying its auctioneering laws to "online auction websites." This phrase is vague and overbroad. The statutes do not define or even reference "online auction websites." "Online auction websites" necessarily includes websites by which auctioneers in Tennessee advertise and/or simulcast in-person auctions in Tennessee. The Court's ruling does not draw into question the State's clear authority to regulate in-person auctions in Tennessee, including in-person auctions that are advertised and/or simulcast online. The Court's injunction should thus be limited to auctions conducted by electronic means, not the vague, overbroad proposed prohibition against any regulation of "online auction websites."

Finally, Plaintiffs propose prohibiting the State from applying its auctioneering laws against Plaintiffs altogether. But multiple Plaintiffs are located in Tennessee or have employees or members who are located in Tennessee. Moreover, multiple Plaintiffs possess Tennessee auctioneering licenses or have employees or members who possess Tennessee auctioneering licenses. Again, the Court's ruling does not draw into question the State's clear authority to regulate auctioneers located in Tennessee who conduct auctions in Tennessee by oral or written means. To the extent that the injunction references Plaintiffs at all, it should be limited to Plaintiffs

---

[1] To the extent that Plaintiffs' proposal is based on the language of the preliminary injunction, Defendants did not consent to the language of the preliminary injunction or waive any rights to challenge that language in a permanent injunction or on appeal.

conducting auctions by electronic means, not a broad prohibition against regulating Plaintiffs generally.

Lastly, in response to Plaintiffs' request for a briefing schedule for their claim for attorneys' fees and costs, the request is premature. Once the Court enters a permanent injunction, it will have fully resolved Plaintiffs' substantive claim under the Dormant Commerce Clause. The State should not be delayed in appealing the Court's injunction prohibiting the State from effectuating its enacted public policy. Moreover, the parties will undoubtedly incur significant additional attorneys' fees and costs on appeal. Judicial economy counsels against this Court unnecessarily considering multiple fee applications in this case. *See Kryder v. Estate of Rogers*, 321 F.Supp.3d 803, 809–11 (M.D. Tenn. 2018). Accordingly, pursuant to Fed. R. Civ. P. 54(b) and (d) and Local Rule 54.01, the Court should find that there is "no just reason for delay"; enter a final, appealable judgment on Plaintiffs' substantive claim; and defer consideration of any potential motion for attorneys' fees and costs until after the resolution of any appeal.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

　　s/R. Mitchell Porcello
R. MITCHELL PORCELLO (#25055)
Senior Assistant Attorney General
Attorney General's Office
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-2547 *telephone*
(615) 532-2571 *fax*
Mitch.Porcello@ag.tn.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response has been served on the following via the court's electronic filing system on April 20, 2022:

Braden H. Boucek
Southeastern Legal Foundation
560 West Crossville Rd. Suite 104
Roswell, GA 30075
(770) 977-2131
Fax: (770) 977-2134
bboucek@southeasternlegal.org

David L. Harbin (da.harbin@comcast.net)
Meggan S. DeWitt (Meggan@beaconTN.org)
Beacon Center of Tennessee
201 4th Ave. N.
Suite 1820
P O Box 198646
Nashville, TN 37219
(615) 383-6431
Fax: (615) 383-6432

*Counsel for Plaintiffs*

                                                            s/R. Mitchell Porcello